481 P.2d 669

**PRIDE CLUB, INC., et al., Plaintiffs and Appellants,**

**v.**

**STATE of Utah et al., Defendants and Respondents.**

**No. 12066.**

Supreme Court of Utah.

Feb. 23, 1971.

———◆———

Phil L. Hansen and Associates, Salt Lake City, for appellants.

Vernon B. Romney, Robert B. Hansen, Homer Holmgren, Thomas C. Anderson, Salt Lake City, for respondents.

ELLETT, Justice.

This matter is before us on an appeal from a ruling of the trial court granting defendants' motion for summary judgment. The complaint, as amended, seeks a declaratory judgment holding invalid and unconstitutional the "Liquor Control Act" and the "Private Non-Profit Locker Club Act" as amended by Chapters 37 and 83, Laws of Utah, 1969.

Sixteen pages of the complaint detail the various claims of invalidity of the statutes with the focus of the attack directed at two sections, to-wit:

A. Section 16–6–13.5, U.C.A.1969 (Pocket Sup.), provides that the Utah Liquor Control Commission with the consent of the local authorities shall have the authority to issue a license to a social club, etc., which maintains or intends to maintain premises upon which liquor is, or will be, stored, consumed or sold as provided for by the Act.

B. Section 16–6–13.7(9), U.C.A.1969 (Pocket Sup.), prevents the club from maintaining quarters for the purpose of barricading or concealing the same. The section further provides:

Any member of the council, the commission or any peace officer or investigator or examiner authorized by the commission, the council or the director of the liquor division of the department of public safety, shall, upon presentation of his credentials, be admitted immediately to the clubhouse or club quarters and permitted without hindrance or delay, to inspect completely the entire clubhouse, club quarters, and all books and records of the licensee, *at any time during which the same are open for the transaction of business to its members*, and each member utilizing, or claiming the right to utilize, a locker as provided in subdivision (18) of this section, shall be deemed to agree and consent to permit any such person to be admitted and to inspect the contents of the locker. [Emphasis added.]

The plaintiffs rely on cases recently decided by this court for a reversal of the trial court. However, those cases are to be distinguished from the instant matter.

In State By and Through Hansen v. Salt Lake City [1] the majority of the members

1. 21 Utah 2d 318, 445 P.2d 691, also known as the Vagabond case.

of this court held a city ordinance void. There the ordinance required that a key to the place be given to the police without any limitation on the time when entrance could be made. In the instant matter the statute provides that as a condition of securing a license to operate a clubhouse, the officer is to be admitted "at any time during which the same are open for the transaction of business to its members."

In the case of Salt Lake City v. Wheeler et al.,[2] a city ordinance was again held to be in violation of constitutional provisions. In speaking for a majority of this court, Mr. Justice Henriod stated:

> * * * The only substantial difference between the Vagabond case and this case, is that in the former the proprietor was required to furnish the police with a key to unlock the door at any time from the *outside*, while in the instant case the ordinance requires the proprietor to unlock the door at any time from the *inside*, —all to accomplish the same objective,— a look-see of *all* the premises.

There again the ordinance required entrance to be given without regard to business hours and so had a provision unlike the statute now under attack.

In addition to the Utah cases, the plaintiffs rely on two cases decided by the United States Supreme Court: Camara v. Municipal Court[3] and See v. Seattle.[4] Those cases do not aid the plaintiffs' position. In See v. Seattle the defendant was convicted of the *crime* of refusing to permit a representative of the fire department to inspect his private warehouse. The Camara case also involved a criminal matter wherein the defendant was convicted of the *crime* of refusing to permit a building inspector to enter a private residence.

In the instant matter the plaintiffs are not accused of any crime, nor do the statutes makes violations thereof criminal. The plaintiffs simply attack the statutes which prescribe what must be done in order to obtain a license to have a clubhouse where liquor may be stored, sold or consumed.

There is a great difference in the amount of police regulation permitted where intoxicating liquor is involved as opposed to the ordinary business enterprises. The law is stated 45 Am.Jur.2d, Intoxicating Liquors, as follows:

> * * * The power of a state to regulate or prohibit the * * * possession, sale, * * * or use of intoxicating liquors is a matter of universal recognition. * * * [Sec. 23.]

> *    *    *    *    *    *

The state has far broader power and greater latitude to regulate and restrict the use, distribution, or consumption of

2.  24 Utah 2d 112, 466 P.2d 838.

3.  387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930.

4.  387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943.

liquor than to regulate or restrict ordinary business, because of the effect of the former on the health and welfare of the public. [Sec. 24.]

When the constitutionality of a statute is questioned in court there are certain legal principles which *must* be observed in deciding the matter. Foremost among those principles is a presumption that a statute is constitutional and every reasonable doubt must be resolved in its favor. A statute should be held valid unless there is a clear, complete and unmistakable violation of some specific provision of the constitution.[5]

There is a further requirement, and that is, before a party may attack the constitutionality of a statute he must be adversely affected by that very statute. In the case of State v. Kallas [6] this court said:

* * * the court will not listen to an objection made as to the constitutionality of an act by parties whose rights are not specifically affected.

This court is committed to the rule that an attack on the validity of a statute cannot be made by parties whose interests have not been, and are not about to be, prejudiced by the operation of the statute.

■ Since it is not alleged in the complaint that any local authorities have refused to give consent for the Utah Liquor Control Commission to issue licenses or permits to any of the plaintiffs, they are in no position to question the validity of the act which requires permission of local authorities before licenses can be granted.

■ We see nothing unconstitutional about a requirement in the statute that quarters where liquors are consumed or sold must be open and unbarricaded in order to secure a license to operate. Nor do we find unconstitutional the provision of the act which provides as a condition to granting a license that inspection may be made during business hours by officers.

If there is no violation of the law regarding the sale or use of intoxicating liquor it is difficult to see why club members would object to the presence of an officer in their midst. Officers, as a class, are not below average in intelligence or integrity. They perform the necessary function of protecting law-abiding citizens and lawful enterprises, including social clubs, from those who would disturb the peace or commit other crimes.

We have considered the other claims of invalidity of the statute but find them to be without merit.

The judgment of the district court is affirmed.

CROCKETT, J., concurs.

---

5. Snow v. Keddington, 113 Utah 325, 195 P.2d 234; Gubler v. Utah State Teachers' Retirement Board et al., 113 Utah 188, 192 P.2d 580; Utah Mfrs. Assn. v. Stewart et al., 82 Utah 198, 23 P.2d 229.

6. 97 Utah 492, 94 P.2d 414.

CALLISTER, Chief Justice (concurring in the result).

I concur in the result solely for the reasons set forth in the quoted portions of State v. Kallas.

TUCKETT, J., concurs in the concurring opinion of CALLISTER, C. J.

HENRIOD, Justice (concurring in the result and dissenting).

I concur in the result only, because of procedural and jurisdictional grounds reported in State v. Kallas,[1] cited in the main opinion, but dissent from the rest of the main opinion, which says this case is distinguishable from State By and Through Hansen v. Salt Lake City (Vagabond Club v. Salt Lake City),[2] and Salt Lake City v. Wheeler.[3] Every case is distinguishable from every other case, but the distinction here is without substance, and the fundamental constitutional principles apply here as well as in those cases. It appears that the main opinion is a commendably persistent effort to establish the dissents of Justices Ellett and Crockett in those cases, as the majority here. The same criticism may be leveled against the main opinion's statement that Camara v. Municipal Court[4] and See v. Seattle[5] do not aid the plaintiffs' position here. No good purpose can be served by a continuing discussion with respect to differences of opinion as to constitutional safeguards against unreasonable searches and seizures. I simply think that the legislation involved in the four cases last cited above invited such unreasonable and therefore unconstitutional searches and invasions of privacy, as does the legislation in the instant case, and that the cases cited are dispositive here.

---

1. 97 Utah 492, 94 P.2d 414 (1939).

2. 21 Utah 2d 318, 445 P.2d 691 (1968).

3. 24 Utah 2d 112, 466 P.2d 838 (1970).

4. 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed. 2d 930 (1967).

5. 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed. 2d 943 (1967).