**Loren Craig SIMS, Plaintiff and Appellant,**

v.

**Samuel W. SMITH, Warden, Utah State Prison, Defendant and Respondent.**

No. 15253.

Supreme Court of Utah.

Oct. 26, 1977.

---

Bruce C. Lubeck, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

Mr. Sims appeals from a denial of his petition for a writ of habeas corpus. He was convicted in 1971 of the crime of murder in the first degree with a recommendation of leniency and was sentenced pursuant to statute to life imprisonment.[1]

■ The basis for this appeal is the claim that the case of *Furman v. Georgia*[2] invalidated the penalty set forth by our statute (Note 1 *supra*) and since there is no penalty for the crime of murder in the first degree, his incarceration is unlawful and he must be set free.

Mr. Sims relies on the case of *State v. Winkle*[3] for his position. That was a case where the trial court failed to allow the jury to consider the matter of a recommendation of leniency, and this Court reversed, saying:

To say that *Furman* has created a (expletive deleted) quandary for state legislatures and courts is to put it mildly. The logical result of deciding that the statute is not separable might lead to the conclusion that, under *Furman*, the whole statute is unconstitutional, leaving this State without any penalty for murder in the first degree. Such a result, of course, could not be tolerated and lends justification to the strained reasoning of the trial court and Justice Henriod.

This court should not declare the statute, or a part thereof (death penalty) unconstitutional. Nor are we convinced that the U.S. Supreme Court's 5–4 per curiam necessarily invalidates our statute in whole or in part. Said per curiam opinion states, '. . . The court holds that the *imposition and carrying out* of the death penalty *in these cases* constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments . . .' [Emphasis added.]

The above case squarely holds against the position taken by Mr. Sims.

Even if it be assumed that the death penalty is held unconstitutional by *Furman* (which it now appears from subsequent cases that it does *not*[4]), Mr. Sims cannot challenge the statute since he received a recommendation of leniency from the jury and did not receive the death penalty.

The law of this state was set forth in the case of *Pride Club v. State*[5] as follows:

■ When the constitutionality of a statute is questioned in court there are certain legal principles which *must* be observed in deciding the matter. Foremost among those principles is a presumption that a statute is constitutional and every reasonable doubt must be resolved in its favor. A statute should be held valid unless there is a clear, complete and unmistakable violation of some specific provision of the constitution.

■ There is a further requirement, and that is, before a party may attack the constitutionality of a statute he must be adversely affected by that very statute. In the case of *State v. Kallas* [97 Utah 492, 94 P.2d 414] this court said:

'. . . the court will not listen to an objection made as to the constitu-

1. U.C.A.1953, 76–30–4.

2. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

3. Utah, 528 P.2d 467 (1974), reh. Utah, 535 P.2d 82 (1975).

4. *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Proffit v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976).

5. 25 Utah 2d 333, 481 P.2d 669 (1971).

tionality of an act by parties whose rights are not specifically affected.'

This court is committed to the rule that an attack on the validity of a statute cannot be made by parties whose interests have not been, and are not about to be, prejudiced by the operation of the statute.

The trial court properly denied the petition, and we affirm its ruling. No costs are awarded.

CROCKETT, J., concurs.

WILKINS and MAUGHAN, JJ., and HENRIOD, J., Retired, concur in result.

HALL, J., having disqualified himself, does not participate herein.