**STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas M. TEBBS, Defendant and Appellant.**

**No. 890088–CA.**

Court of Appeals of Utah.

Jan. 25, 1990.

Stephen R. McCaughey and Patricia Geary, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Charlene Barlow, Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

Defendant, Thomas M. Tebbs, entered a conditional plea of no contest to two counts of communications fraud. On appeal, he argues that the communications fraud statute is unconstitutional. We affirm.

## FACTS

On March 2, 1987, Defendant was charged by information with approximately sixteen counts of communications fraud, second degree felonies in violation of Utah Code Ann. § 76–10–1801 (1989), and some eight counts of selling unregistered securities, third degree felonies in violation of Utah Code Ann. § 61–1–7 (1989).

By November 1987, the information had been amended to contain only eleven counts of communications fraud. All other counts had been dismissed. Defendant then filed a motion to dismiss the information on the basis that the communications fraud statute was unconstitutional. The motion was denied and the case proceeded to trial.

Defendant waived his right to a jury and the trial commenced on October 25, 1988. The state presented the testimony of eleven witnesses over the course of two days. After hearing the evidence against him, defendant accepted a no-contest plea to two counts of communications fraud in exchange for dismissal of the remaining nine counts. The plea was conditioned upon defendant's preserving his right to appeal the constitutionality of the communications fraud statute.[1] Defendant was sentenced to a period of incarceration but placed on

---

1. "[C]onditional pleas ... when agreed to by the defendant and the prosecution and approved by the trial court, are permissible in Utah even though they are not specifically authorized by the statutes governing the entry of pleas by criminal defendants." *State v. Sery,* 758 P.2d 935, 939 (Utah Ct.App.1988).

probation and ordered to pay a fine and restitution.

On appeal, defendant reasserts his challenge to the constitutionality of the communications fraud statute. He argues that the statute violates his right to due process by imposing on him the burden of disproving an element of the offense. Specifically, defendant claims the statute under which he was convicted does not require the state to prove his criminal intent as an element of his crime but rather places on him the burden to disprove such an intent.

## STANDING

Before we consider the specific issue raised in this appeal, we note our skepticism about defendant's standing to pursue this issue.[2] "[B]efore a party may attack the constitutionality of a statute he must be adversely affected by that very statute.... '[T]he court will not listen to an objection made as to the constitutionality of an act by parties whose rights are not specifically affected.'" *Pride Club, Inc. v. State*, 25 Utah 2d 333, 481 P.2d 669, 671 (1971) (quoting *State v. Kallas*, 97 Utah 492, 94 P.2d 414, 420 (1939)). *See also State v. Tuttle*, 780 P.2d 1203, 1207 (Utah 1989).

Defendant challenges the portions of the statute having to do with burdens of proof. But at trial, he chose to plead no contest after hearing the state's evidence, without producing any evidence of his own. Consequently, defendant did not require the state to meet whatever burden he thought it properly should have nor allow the court to consider, in light of the evidence actually adduced, his claim that the statute improperly shifted the burden to him. Having failed to do this, it is difficult to see how defendant was injured by the provisions in the statute which he now challenges.[3] *Cf. Baxter v. Estelle*, 614 F.2d 1030, 1036 (5th Cir.1980), *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981) (defendant lacked standing to challenge constitutionality of presumption where state never made use of presumption); *People v. Schomaker*, 116 Mich.App. 507, 323 N.W.2d 461, 462–63 (1982) (per curiam) (defendant had standing to challenge statute denying him trial by jury where he had demanded jury at trial). Despite our trepidation about defendant's standing, we nonetheless address the substantive issue presented.[4]

## SHIFTING THE BURDEN OF PROOF

The communications fraud statute provides in pertinent part:

(1) Any person who has devised any scheme or artifice to defraud another or to obtain from another money, property, or anything of value by means of false or fraudulent pretenses, representations, promises, or material omissions, and who communicates directly or indirectly with any person by any means for the purpose of executing or concealing the scheme or artifice is guilty....

. . . .

(7) It is an affirmative defense to prosecution under this section that the pretenses, representations, promises, or material omissions made or omitted by the defendant were not made or omitted knowingly or with a reckless disregard for the truth.

Utah Code Ann. § 76–10–1801(1), (7) (1989).

The crux of defendant's argument is that subsection (7) of § 76–10–1801 shifts to defendant the burden of disproving an essential element of the crime, namely that of a

---

**2.** The state did not challenge defendant's standing to raise this issue. However, "[s]tanding is an issue that a court can raise *sua sponte* at any time." *State v. Tuttle*, 780 P.2d 1203, 1207 (Utah 1989).

**3.** By contrast, defendant's standing would be clear if he had put on his own case, declined to put on any proof with respect to his intent, and argued to the court that the state bore the burden of proof on that issue, only to have the court reject this argument and convict defendant because he failed to disprove his criminal intent.

**4.** Our decision to reach the merits is prompted by the likelihood that defendant's perceived ability to pursue the issue on appeal was critical to his decision to enter a no-contest plea, which also probably explains why the state chose not to raise the standing issue.

culpable mental state.[5] If true, this would violate the Due Process clauses of the United·States and Utah Constitutions. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). *See also State v. Starks*, 627 P.2d 88, 92 (Utah 1981) ("A fundamental precept of our criminal law is that the State must prove all elements of a crime beyond a reasonable doubt."); *State v. Sorenson*, 758 P.2d 466, 468–69 (Utah Ct.App.1988).

While at first blush defendant's argument seems to have merit, it is well to remember this important rule of statutory construction:

> When the constitutionality of a statute is questioned in court there are certain legal principles which *must* be observed in deciding the matter. Foremost among those principles is a presumption that a statute is constitutional and every reasonable doubt must be resolved in its favor. A statute should be held valid unless there is a clear, complete and unmistakable violation of some specific provision of the constitution.

*Pride Club, Inc. v. State*, 25 Utah 2d 333, 481 P.2d 669, 670–71 (1971) (emphasis in original).

Although defendant correctly states the general law regarding the state's burden of proof, two distinct approaches allow us to escape the undesirable conclusion of unconstitutionality. First, although subsection (7) uses affirmative-defense language, it is unlikely that the Legislature intended such a result. Second, even if we view subsection (7) as establishing an affirmative defense, Utah law does not require a defendant to carry the burden of persuasion with respect to affirmative defenses but leaves that burden squarely with the state. We now consider each of these approaches in greater detail.

### Not An Affirmative Defense

■ Defendant argues that because subsection (1) does not specifically identify any

particular culpable mental state as one of the elements of the crime, subsection (7) can only be read to place that burden upon defendant. We disagree.

The case of *State v. Fontana*, 680 P.2d 1042 (Utah 1984), is instructive. In *Fontana*, the Utah Supreme Court grappled with the "depraved indifference" provision of the second degree murder statute, Utah Code Ann. § 76–5–203(1)(c) (1989). That provision also lacks a specific mens rea. The Court noted that because the statute did "not expressly specify a particular mental state, the culpable mental state required by the statute must be as provided in § 76–2–102." 680 P.2d at 1045. That section currently provides as follows: "Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility." Utah Code Ann. § 76–2–102 (1989). The Court then proceeded to determine which of the mental states from § 76–2–102 fit into the sense of the "depraved indifference" provision. It concluded that knowledge was the proper mental state. 680 P.2d at 1045–47.

In this case, we need not go through the elaborate process employed in *Fontana* to determine which mental state fits into the sense of the communications fraud statute because subsection (7) clearly provides the specific mental states of knowledge *or* reckless disregard.

The state argues that subsection (7) should really be read as a "statement of conditions under which defendant cannot be found guilty," that is, as a statement of the obvious, perhaps to emphasize the Legislature's disinclination to criminalize merely negligent misrepresentations or omissions. We agree. While it is unfortunate that the Legislature incorrectly dealt with the mens rea requirement in terms of an affirmative defense, defendant's contrary interpretation is inconsistent with the requirement to place upon the state the bur-

---

5. *See* Utah Code Ann. § 76–1–501(2)(b) (1978).

den of proving beyond a reasonable doubt every element of the crime, as well as the inapplicability of any claimed defense—a matter treated in the next section.

We find that the communications fraud statue requires the state to prove beyond a reasonable doubt that defendant had either the knowledge of the falsity, or a reckless disregard for the truth, of any "pretenses, representations, promises, or material omissions" made by the defendant. Subsection (7) merely emphasizes that absent either of these mental states, a conviction for communications fraud is improper.

### State's Burden To Disprove Affirmative Defense

■ Even assuming that we were to take subsection (7) at face value and view it as setting forth an actual affirmative defense, that provision would not shift to defendant the burden of proof concerning his mental state. Utah has unambiguously adopted the position that "a defendant does not bear the burden of persuasion in presenting an affirmative defense." *State v. Starks*, 627 P.2d 88, 92 (Utah 1981). "The prosecutor's burden ... is to prove all elements of the crime charged beyond a reasonable doubt, whether the defense is a denial or an affirmative defense." *Id.*

A defendant's burden concerning any affirmative defense is quite limited. *State v. Moritzsky*, 771 P.2d 688, 691 n. 2 (Utah Ct.App.1989). "As a practical matter, a defendant may have to assume the burden of producing some evidence [of the affirmative defense] if there is no evidence in the prosecution's case that would provide some kind of evidentiary foundation for [an affirmative defense claim]." *State v. Knoll*, 712 P.2d 211, 215 (Utah 1985). However, "if the issue is raised, ... the prosecution has the burden to prove beyond a reasonable doubt that the [affirmative defense does not exist]." *Id.* at 214. *See also State v. Wood*, 648 P.2d 71, 82 n. 7 (Utah), *cert. denied*, 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982).

### CONCLUSION

It is unfortunate that the Legislature worded the communications fraud statute as it did, but we believe that statute can fairly be interpreted to avoid unconstitutionality. Whether or not subsection (7) is viewed as an affirmative defense, the fundamental burden concerning defendant's culpable mental state rested with the prosecution. Even assuming that defendant has standing to raise the issue, we conclude that the communications fraud statute does not place upon defendant the burden to prove the absence of criminal intent on his part.

Defendant only contends in this appeal that the statute he challenges is unconstitutional on its face. He does not claim the statute was unconstitutionally applied to him nor that he was otherwise prejudiced by its admittedly confusing phraseology and organization. It follows that defendant's conditional plea should not be set aside.

Affirmed.

GREENWOOD and JACKSON, JJ., concur.