## PEOPLE *v.* ANSCHUTZ.

1. CRIMINAL LAW—JURY—EVIDENCE—DISPUTED FACTS.

   It is for the jury to say whether or not the evidence in a criminal case is sufficient to establish facts which are disputed (Const 1908, art 2, § 19).

2. SAME—CREDIBILITY OF WITNESSES—WEIGHT OF EVIDENCE.

   The jury is the sole judge of the credibility of the witnesses and the weight of the testimony adduced in a criminal case (Const 1908, art 2, § 19).

3. SAME—CONSTITUTIONAL LAW—GENERAL VERDICT BY JURY.

   A substantial element of the constitutional right to trial by jury in a criminal case is the right to have the jury give a general verdict on the merits (Const 1908, art 2, § 19).

4. SAME—DIRECTED VERDICT.

   A verdict of guilty should not be directed in a criminal case unless the facts are undisputed or admitted (Const 1908, art 2, § 19).

5. INTOXICATING LIQUORS—LIABILITY OF TAVERN KEEPER.

   The proprietor of a tavern or bar where intoxicating liquors are sold operates the same at his peril, and must see to it that his employees do not violate the law, irrespective of the instructions which he may have given them (CL 1948, § 436.44).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 281, 282.

[4, 7] 53 Am Jur, Trial § 408.

[4, 7] Propriety of direction of verdict of guilty or of instruction or requested instruction requiring jury in criminal case to take the law from the court, or advising them as to their duty in that regard. 72 ALR 899.

[5] 30 Am Jur, Intoxicating Liquors §§ 301–306.

[5] Criminal responsibility of one authorized generally to sell intoxicating liquors for particular illegal sale thereof by employee or agent. 139 ALR 306.

[7] 39 Am Jur, New Trial § 117; 53 Am Jur, Trial § 584 *et seq.*

6. CONSTITUTIONAL LAW—JURY TRIAL—INTOXICATING LIQUORS.

A vendor of intoxicating liquors has a right to have a determination of his guilt or innocence of violating the law controlling such business by a jury of his peers, when there are disputed facts (Const 1908, art 2, § 19; CL 1948, §§ 436.33, 436.44).

7. SAME—JURY TRIAL—VENDOR OF INTOXICATING LIQUOR.

Verdict of jury that defendant tavern keeper was guilty of selling a bottle of beer to a minor is set aside and new trial granted, where it was disputed whether or not defendant's wife had authority to employ person who served the minor, whether or not such person was acting within the scope of her employment or agency and whether or not the sale in question was consummated and the trial judge instructed jury that while he had no power to compel them to bring a verdict of guilty that it was their duty to do so (Const. 1908, art 2, § 19; CL 1948, §§ 436.33, 436.44).

Appeal from Gratiot; Cash (Paul R.), J. Submitted October 16, 1952. (Docket No. 94, Calendar No. 45,296.) Decided January 5, 1953.

Frank Anschutz was convicted on directed verdict of selling intoxicating liquor to a minor. Defendant appeals. Reversed and new trial granted.

*Curry & Curry* and *Peter F. Cicinelli,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Kenneth D. Plaxton,* Prosecuting Attorney, for the people.

BUSHNELL, J. Defendant Frank Anschutz, a licensed vendor of beer for consumption on the premises, was arrested on a warrant charging him with selling, through the act of one Mary Posey, his clerk or agent, one bottle of beer to James Denn, then 19 years of age. Upon arraignment on

information in the circuit court, defendant stood mute and a plea of not guilty was entered.

At the examination before the justice of the peace, Anschutz moved to quash the complaint and for a dismissal. This was denied. This motion was renewed in the circuit court on the ground that the allegations in the complaint set forth an offense cognizable by a justice of the peace, and one not within the jurisdiction of the circuit court. This motion was also denied. At the close of the people's case a motion to quash and to direct a verdict of not guilty was made and denied. At the close of all the testimony the several motions were renewed and again denied. At the conclusion of the argument the trial judge delivered a charge to the jury in which he said in part:

"So, under my interpretation of this case, there is no question of fact to go to you. It is undisputed that beer was sold in Mr. Anschutz's tavern, and it was sold by one of his employees; whether the employee was for that purpose or not doesn't matter. It is another way that we say of 'beating the devil around the bush.' And the law is that way for this reason, that the licensee is engaging in a very lucrative business, and he operates the same at his peril. Otherwise, he don't need to take that chance, and he takes that chance if he gets himself a license and operates in the tavern business.

"So, members of the jury, I instruct you under the proof that it is your duty to bring in a verdict of guilty in this case. I have no power to compel you what to do. You do as you please. But I say to you that it is your duty to bring in a verdict of guilty."

The jury returned a verdict of guilty, and Anschutz was sentenced to be confined in the county jail for 60 days, and ordered to pay a fine of $300. The trial judge filed a lengthy opinion in support

of the denial of a motion for new trial. On appeal, upon leave granted, Anschutz raises 15 questions in which he argues that the court erred in denying the various motions. It is also asserted that the court erred in its charge and in refusing to give certain instructions requested by the defendant.

The controlling question concerns the claimed denial of defendant's constitutional right to have a jury render a general verdict on the merits, and in the court's denial of due process by direction to the jury to render a verdict of guilty.

Anschutz is the proprietor of a cafe at Breckenridge, Michigan, in which he serves food, sells candy and tobacco, and operates a soda bar. In the rear of the cafe is another bar where beer is served. The soda bar and beer bar are in the same room but are operated as separate departments. The testimony shows that if a customer asked for beer in the front part of the cafe, he would be told to go to the rear bar.

Anschutz had a surgical operation on December 6, 1950, and at the time of the alleged offense was not in his cafe, but was recuperating at home. Mary Posey, who was named in the complaint as Anschutz's clerk or agent, was a switchboard operator at Midland, Michigan. On the week end in question she had gone to her home in the village of Breckenridge to spend her birthday with her parents. Mrs. Luella Anschutz, defendant's wife, went to Mary's home on Saturday afternoon to see if she would help at the cafe that night. Anschutz was not aware of this incident, nor did he know that Mary was coming to the cafe that evening to help serve customers. Mary was told by Mrs. Anschutz to work at the soda bar in the front of the cafe. While Mary was on her way to the kitchen in the rear of the building, James Denn, who had entered the place with 4 companions, asked her to bring them

some beer. Mary inquired as to Denn's age, and he stated he was over 21. Mary did not request any more proof, but went to the bar and brought 5 bottles of beer to a table in the rear of the cafe. A deputy sheriff, who was in the front of the cafe, then sent for Denn, and said that he was a minor, whereupon Mary Wallin, another employee and the oldest one in point of service, immediately removed Denn's beer from the table before it was consumed.

Defendant claims that in the last 100 years this Court has been called upon to review only 26 cases in which the trial judge directed a jury to return a verdict of guilty in a criminal case; and that in almost half of them a reversal was ordered, and that in each case which was affirmed the facts were either admitted by the defendant or were uncontradicted or undisputed. See Michigan cases annotated in 72 ALR, p 901. The Court pointed out in *People* v. *Lintz,* 244 Mich 603, 616, that the greatest caution should be exercised in stating to the jury that the facts in dispute are established, and the language employed must be such that will not leave in the minds of the jury a fixed opinion that a disputed fact has been proven, because:

"It is for the jury to say whether or not the evidence is sufficient to establish such facts, and they are the sole judges of the credibility of the witnesses and the weight of the testimony."

Later in the *Lintz Case* the Court observed, as we must in the instant case:

"We do not think that any intelligent juror who listened to the charge could fail to understand therefrom that the facts stated therein were, in the opinion of the trial court, fully established by the proofs and justified the conviction of the defendants, and that the jury were expected, if not instructed, to so find."

In *People* v. *Clark,* 295 Mich 704, 707, we said:

"One of the substantial elements of the constitutional right to trial by jury is the right of the jury, in criminal cases, to give a general verdict on the merits."

Citing *Underwood* v. *People,* 32 Mich 1 (20 Am Rep 633), and quoting from *People* v. *Heikkala,* 226 Mich 332, 337, and *People* v. *Neumann,* 85 Mich 98, 105. See other authorities also cited in this connection in the *Clark Case* and a discussion of Michigan cases in 72 ALR, *supra.*

It is clear from the authorities that a verdict of guilty should not be directed unless the facts are undisputed or admitted. We are aware of the language employed by Mr. Justice Cooley, in speaking for the Court in *Kreiter* v. *Nichols,* 28 Mich 496, to the effect that one engaged in the sale of intoxicating liquors is held responsible for the acts of his servants, even though his instructions are disobeyed. That case, however, was one brought by a wife to recover damages sustained by her in being injured in her means of support through the intoxication of her husband, induced by liquor which she alleged Kreiter had furnished him. But even in that case the parties were allowed to go to the jury on the evidence, and this Court approved the latitude allowed by the trial judge in the inquiry into the facts.

It is true that in this State the proprietor of a tavern or bar operates the same at his peril, and must see to it that his employees do not violate the law, irrespective of the instructions which he may have given them.* But it is likewise true that one of the most important constitutional guarantees is the right to a jury trial. (Const 1908, art 2, § 19). Regardless of the severity of the law applicable to

---

* See CL 1948, § 436.44 (Stat Ann § 18.1015).—Reporter.

vendors of alcoholic beverages, there is no justification, when there are disputed facts, for depriving an accused vendor of his right to a determination of his guilt or innocence by a jury of his peers.

We shall not burden this opinion with a recital of the disputed facts in this unusual case, other than to say that they consisted, at least, of the questions of the implied authority of Mrs. Anschutz to employ Mary Posey, the scope of Mary's employment or agency, and the consummation of the sale of the beer.* Nor is it necessary at this time to discuss the other errors of which defendant complains.

The verdict of the jury, which was reached under the direction of the trial judge, is set aside, the sentence is vacated, and a new trial is ordered. No costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

---

* See CL 1948, § 436.33 (Stat Ann 1951 Cum Supp § 18.1004).— REPORTER.