PEOPLE v BELL

CRIMINAL LAW—TRIAL BY JURY—WAIVER—CONSTITUTIONAL LAW—
   COURT RULES—STATUTES.

   The constitutional and substantive right of a defendant to a trial
   by jury cannot be diminished by a local court rule waiver
   provision that enlarges the statutory method of waiver (Const
   1963, art 1, § 20; MCLA 763.3; Detroit Recorder's Court Traffic
   and Ordinance Rule 14).

Appeal from Recorder's Court of Detroit, Traffic
& Ordinance Division, William C. Hague, J. Submitted Division 1 April 3, 1974, at Lansing.
(Docket No. 17127.) Decided May 1, 1974. Leave to
appeal applied for.

John W. Bell was charged with operating a
motor vehicle while under the influence of liquor.
Defendant's motion for a trial by jury was denied.
Defendant appeals by leave granted. Reversed and
remanded for a trial before a jury.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert A.
Reuther,* Assistant Prosecuting Attorney, for the
people.

*Meyer R. Rubin,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
16 Am Jur 2d, Constitutional Law § 14.
47 Am Jur 2d, Jury §§ 47–53.

Before: DANHOF, P. J., and QUINN and V. J.
BRENNAN, JJ.

QUINN, J. On leave granted, defendant appeals
from the denial of his motion for a jury trial. On
January 16, 1973, defendant was arrested and
arraigned in Detroit Recorder's Court Traffic and
Ordinance Division on a charge of operating a
motor vehicle under the influence of liquor, MCLA
257.625; MSA 9.2325. Defendant was not repre-
sented by counsel at arraignment. The motion for
jury trial was made on April 5, 1973, the trial
date, at which time defendant was represented by
counsel.

On the basis of Detroit Recorder's Court Traffic
and Ordinance Rule 14, the trial judge denied the
motion for jury trial. In pertinent part, rule 14
reads:

"Requests for a trial by jury on all such misdemean-
ors and ordinance cases shall be made in writing at the
time of the arraignment on the complaint and warrant
if the defendant is represented by an attorney of record.
If the defendant appears without counsel, request for a
jury trial must be made within ten days after the
arraignment on the complaint and warrant. In the
event that no such request is made within the time
herein provided, such inaction will constitute a waiver
of a trial by jury and the case shall be scheduled for
trial on the nonjury misdemeanor docket."

Defendant attacks the constitutionality of rule 14.

Const 1963, art 1, § 20, provides in part:

"In every criminal prosecution, the accused shall
have the right to a speedy and public trial by an
impartial jury, * * * ."

MCLA 763.3; MSA 28.856 sets forth the methods

for waiving a jury trial and the method of waiver set forth in rule 14 is not included. The constitutional and substantive right of a defendant to a trial by jury cannot be diminished by a local court rule waiver provision that enlarges the statutory method of waiver.

Reversed and remanded for trial before a jury.

All concurred.