PEOPLE v GOODWIN

CRIMINAL LAW—CONSTITUTIONAL LAW—TRIAL BY JURY—SPEED VIOLATIONS—STATUTES.

A prosecution for the violation of a state statute on speeding is a criminal prosecution within the meaning of the Michigan constitutional provision guaranteeing an accused the right to a speedy and public trial by an impartial jury (Const 1963, art 1, § 20, MCLA 257.628; MSA 9.2328).

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted April 13, 1976, at Detroit. (Docket No. 23720.) Decided June 15, 1976.

Eric Goodwin was convicted of speeding in district court. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Noecker,* Prosecuting Attorney, and *John L. Livesay,* Assistant Prosecuting Attorney, for the people.

*Dajos & Goodwin,* for defendant.

Before: BASHARA, P. J., and R. B. BURNS and QUINN, JJ.

BASHARA, P. J. This Court granted defendant's leave to appeal from a nonjury conviction of traveling at a speed of 51 miles per hour in a 40 mile per hour zone.

REFERENCE FOR POINTS IN HEADNOTE
16 Am Jur 2d, Constitutional Law § 582.

The defendant was arrested for allegedly exceeding the speed limit contrary to MCLA 257.628; MSA 9.2328. He filed an appearance and a demand for a jury trial. The district judge denied defendant's demand both on the original motion and at a pretrial conference.

Both the conviction and the denial of the motion for jury trial were affirmed on appeal to the circuit court.

The defendant claims three assignments of error. We need only decide the question of whether the defendant was properly denied a jury trial for a traffic violation offense.

The learned circuit judge determined that the right to trial by jury does not extend to petty crimes. His rationale was that such matters were tried by justices of the peace and magistrates at common law before the adoption of state constitutions.

We agree with his historical analysis. However, the plain fact is that our Michigan Constitutions[1] since 1835 have mandated that an accused has the right to a jury trial in all criminal prosecutions.

The defendant was charged and convicted under MCLA 257.628; MSA 9.2328, a portion of the Michigan vehicle code. Section (d) states:

"A person who fails to observe any authorized speed or traffic control signs, signals, or devices *is guilty of a misdemeanor.*" (Emphasis supplied.)

MCLA 257.901; MSA 9.2601 provides that where no penalty is provided, every person convicted of a misdemeanor shall be punished by up to 90 days in jail, or a maximum fine of up to $100 or both.

[1] Const 1835, art 1, § 10, 11; Const 1850, art 6, § 28; Const 1908, art 2, § 19; Const 1963, art 1, § 20.

In MCLA 750.5; MSA 28.195, a "crime" is defined as "an act or omission forbidden by law" and punishable by, among other things, a fine or imprisonment. Clearly then, the defendant was prosecuted for a "crime".

The language in Const 1963, art 1, § 20 is almost identical to the provisions of antecedent constitutions. It provides:

"In every criminal prosecution the accused shall have the right to a speedy and public trial by an impartial jury, * * * ."

The circuit judge has referred to a host of United States Supreme Court cases for the proposition that a jury trial is not mandatory where a "petty" offense is involved. The case of *People v Goodman,* 17 Mich App 175; 169 NW2d 120 (1969), appears to support this view. It also relies on the same Supreme Court opinions.[2]

However, it is also axiomatic that the state can grant its citizens rights which are greater than those in the United States Constitution.

A review of the Michigan cases, excepting *People v Goodman, supra,* supports the view that our Michigan Constitution provides the right to a trial by jury in all criminal prosecutions. *People v Bell,* 53 Mich App 161; 218 NW2d 873 (1974), *lv den,* 392 Mich 803 (1974), *People v Burnett,* 55 Mich App 649; 223 NW2d 110 (1974), *lv den* 393 Mich

[2] *Duncan v Louisiana,* 391 US 145; 88 S Ct 1444; 20 L Ed 2d 491 (1968), *Bloom v Illinois,* 391 US 194; 88 S Ct 1477; 20 L Ed 2d 522 (1968), *Cheff v Schnackenberg,* 384 US 373; 86 S Ct 1523; 16 L Ed 2d 629 (1966). *Baldwin v New York,* 399 US 66; 90 S Ct 1886; 26 L Ed 2d 437 (1970), was decided after *People v Goodman,* 17 Mich App 175; 169 NW2d 120 (1969), and drew the line between "petty" and "serious" offenses. It should be noted that *Goodman* involved a hearing for contempt.

765 (1974), *cf. People v Anschutz,* 335 Mich 375; 56 NW2d 224 (1953).[3]

It is the frank feeling of this author that the cause of justice might be better served were the right to jury trial precluded in such petty offenses. Nonetheless, the mandate of our state constitution, and the interpretations of the Michigan judiciary convince us that the right to a jury trial extends to all criminal prosecutions.

Reversed and remanded for a new trial consistant with this opinion.

---

[3] *People v Anschutz,* 335 Mich 375, 380; 56 NW2d 224 (1953), recognized the right to a jury trial in a criminal action for violation of CL 1948, § 436.33 prohibiting the sale of liquor to a minor. At the time of *Anschutz,* CL 1948, § 750.141a provided that the furnishing of alcoholic beverage to a minor was a misdemeanor. Neither CL 1948, § 436.33 or CL 1948, § 750.141a provided a penalty until 1963 when CL 1948, § 750.141a was amended by 1963 PA 162, § 1. Like the instant case the penalty in *Anschutz* was predicated on a general misdemeanor provision, CL 1948, § 750.504, which provided the same maximum limits of imprisonment of not more than 90 days, or a fine of not more than $100, or both. Therefore, if a right to a jury trial existed in *Anschutz,* it also exists here because the maximum potential penalties are the same.