ARBOR SALES, INCORPORATED v DEPARTMENT OF TREASURY

Docket No. 47997. Submitted October 14, 1980, at Lansing.—Decided March 3, 1981.

Plaintiff, Arbor Sales, Incorporated, is in the business of selling small items such as trash bags and bicycle flags to volunteer and fraternal organizations. Plaintiff does not manufacture these items but receives orders from its customers and arranges for the shipment of the goods from their manufacturers to its customers. Upon delivery of the goods, plaintiff is paid by its customers and in turn pays the manufacturers. Plaintiff's customers then resell the items to local merchants and other individuals. From 1969 to 1972, neither plaintiff nor any of its customers possessed state sales tax licenses despite the fact that none of them qualified as a tax exempt institution. The parties stipulated that plaintiff was unaware that its customers did not possess the required sales tax licenses.

Plaintiff paid no sales tax on its gross receipts during the period, and, after an audit, the defendant Department of Treasury determined that plaintiff owed sales taxes on its gross receipts for those four years. The State Board of Tax Appeals upheld the determination. Plaintiff paid the taxes and brought an action in the Court of Claims for a refund. The Court of Claims, David Scott DeWitt, J., ordered defendant to refund the money. Defendant appeals. *Held:*

The General Sales Tax Act does not impose liability on wholesalers who unknowingly make sales for purposes of resale at retail to another not licensed under the act.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the Legislature; seeming inconsistencies in the various provisions of the statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 68 Am Jur 2d, Sales and Use Taxes §§ 47, 120.

2. Taxation — Sales Tax — Wholesalers.

   The General Sales Tax Act does not impose liability on wholesalers who unknowingly make sales for purposes of resale at retail to another not licensed under the act (MCL 205.67; MSA 7.538).

*Palmer, McAra & George,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: M. F. Cavanagh, P.J., and T. M. Burns and R. H. Campbell,* JJ.

T. M. Burns, J. Defendant, the Department of Treasury, appeals as of right an August 16, 1979, order of the Court of Claims granting judgment in favor of plaintiff on its claim that the defendant unlawfully levied taxes on plaintiff. We affirm.

Plaintiff is in the business of selling small items and goods such as trash bags and bicycle flags to volunteer and fraternal organizations. Plaintiff does not manufacture these items but receives orders from its customers and arranges for the shipment of the goods from their manufacturers to its customers. Upon delivery of the goods, plaintiff is paid by its customers and in turn pays the manufacturers. Plaintiff's customers then resell the items to local merchants and other individuals.

From 1969 to 1972, neither plaintiff nor any of its customers possessed a state sales tax license despite the fact that none of them qualified as a tax exempt institution. The parties stipulated, and the lower court specifically found, that plaintiff was unaware that its customers did not possess the required sales tax licenses.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff paid no sales tax on its gross receipts during the period of 1969 to 1972. After an audit, the defendant Department of Treasury determined that plaintiff owed sales taxes on its gross receipts in the amount of $12,540.99 for these four years. Plaintiff contested defendant's tax assessment but in an order dated July 15, 1977, the State Board of Tax Appeals upheld its validity.

Subsequently, plaintiff paid the amount of assessed sales taxes, plus interest and penalties, and then instituted the present action in the Michigan Court of Claims seeking a refund of the payment. In an order dated July 3, 1979, the Court of Claims reversed the decision of the State Board of Tax Appeals and directed defendant to pay a refund to plaintiff. Specifically, the lower court found that "Plaintiff did not make a sale other than for resale and did not knowingly make a sale to individuals or organizations without sales tax licenses". Defendant now appeals and we affirm.

Pursuant to the provisions of § 2 of the General Sales Tax Act, MCL 205.52; MSA 7.522, all persons who are "engaged in the business of making sales at retail" must pay an annual sales tax for the privilege of engaging in such business equal to 4% of the gross proceeds of the business. Plaintiff is not liable for the tax under this section of the act because plaintiff does not make "sales at retail" as that term is defined in the appropriate section of the act:

" 'Sale at retail' means a transaction by which is transferred for consideration the ownership of tangible personal property, when the transfer is made in the ordinary course of the transferor's business and is made to the transferee for consumption or use, or for any other purpose than for resale * * *." MCL 205.51(b); MSA 7.521(b).

The ordinary course of plaintiff's business is to transfer goods for resale and not for consumption or use.

Defendant, however, argues that plaintiff is liable for the sales taxes under another section of the act, MCL 205.67; MSA 7.538. This section, § 17 of the General Sales Tax Act, provides:

"Every person liable for any tax imposed under this act shall keep an accurate and complete beginning and annual inventory and purchase records of additions to inventory, complete daily sales records, receipts, invoices, bills of lading and any and all pertinent documents in such form as the department may require and whenever an exemption from sales tax is claimed by reason of the sale being for resale or for any of the other exemptions or deductions granted under this act, there shall be a record kept of the name and address of the person to whom the sale is made, the date of the sale, the article purchased, the use to be made of the article, the amount of the sale and if that person has a sales tax license, that number shall also be noted thereon. Any person knowingly making a sale of tangible personal property to another not licensed under this act, for the purpose of resale at retail, shall be liable for the tax imposed by this act under the provisions of this act."

Defendant contends that plaintiff is liable for the taxes because it failed to keep proper records. Plaintiff responds that this section of the act applies only to persons defined in MCL 205.52; MSA 7.522, as "persons engaged in the business of making sales at retail".

Standing alone, the first sentence of § 17 of the act would not make plaintiff liable for the sales tax for failure to keep accurate and complete records because that part of § 17 pertains only to persons "liable for any tax imposed under this act". Plaintiff is not liable for the sales tax under

§ 2 of the act and it therefore follows that plaintiff cannot be found liable for the tax merely because it failed to keep accurate and complete records. However, also standing alone, the second sentence of § 17 would appear to make plaintiff liable for the tax. Thus, the question before us is one of legislative intent. Did the Legislature intend to limit the scope of the second sentence of § 17 to that class of persons referred to in the first sentence of this section and defined in § 2 of the act?

The cardinal consideration when construing statutes is to give effect to the intention to the Legislature. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970). Seeming inconsistencies in different provisions of a statute should be reconciled if possible so as to arrive at a meaning that gives appropriate effect to all parts of the statute.

Under our reading of § 17 we believe that the defendant Department of Treasury is correct in its argument that plaintiff is potentially liable for the sales tax under the second sentence of that section. In other words, we do not believe that the category of persons referred to in the second sentence of this section is in any way limited by the scope of the category of taxpayers referred to in the first sentence of this same section of the act.

In particular, we note that the first sentence of § 17 concerns only persons "liable for any tax imposed under this act". Pursuant to the provisions of §§ 1(b) and 2 of the act, this category of persons consists of those engaged in the business of making sales at retail, that is, for the consumption or use of the transferees, or for any purpose other than resale. The class of taxpayers referred to in this first sentence is obligated thereby to keep accurate and complete business records.

The second sentence of § 17, however, refers only to persons who knowingly make sales of tangible personal property to someone else not licensed under the act "for the purpose of resale at retail". The class of persons who sell goods to another for the purpose of resale at retail, wholesalers, is mutually exclusive from the class of persons "liable for any tax imposed under this act", *i.e.,* retailers.

Therefore, because the Legislature apparently was concerned with two separate groups of persons doing business in Michigan when it enacted § 17 of the act, the application or scope of the second sentence of § 17 is in no way limited by the scope of the first sentence therein. The first sentence pertains to retailers, the second to wholesalers. As a consequence, we are not persuaded by plaintiff's argument that because it is not a taxpayer under the provisions of MCL 205.52; MSA 7.522, it cannot be found liable for any tax under the second sentence of MCL 205.67; MSA 7.538. We reverse the lower court's ruling insofar as it relies upon this argument.

Nonetheless, we believe that we must affirm the lower court in its ultimate disposition of this case because we cannot say that the lower court's finding that plaintiff "did not knowingly make a sale to individuals or organizations without sales tax licenses" is clearly erroneous.

The second sentence of § 17 applies only to the act of "knowingly" making a sale of items to another not licensed under this act for the purpose of resale at retail. The parties have stipulated that plaintiff "was not aware that its customers did not have sales tax licenses". Further, the lower court specifically found that plaintiff did not "knowingly" make such a sale.

Despite defendant's argument that plaintiff had constructive knowledge that its transferees did not have sales tax licenses, we must find for plaintiff on this question. Defendant cannot impeach its own stipulation on this point. If plaintiff was not aware that the persons to whom it made sales were not licensed under the act, as defendant has so stipulated, plaintiff cannot have knowingly made sales to unlicensed persons.

Therefore, although we do not agree *in toto* with the reasoning of the lower court, we affirm its order instructing defendant to refund to plaintiff the amount of taxes that it has improperly levied in the instant matter. No costs, a matter of statutory construction being involved.