PORT HURON & DETROIT RAILROAD COMPANY v
DEPARTMENT OF TREASURY

Docket No. 48726. Submitted November 14, 1980, at Lansing.—Decided May 19, 1981. Leave to appeal applied for.

The Michigan Department of Treasury, Revenue Division, conducted an audit of the Port Huron & Detroit Railroad Company and determined that it was liable for payment of monies under the Single Business Tax Act. The railroad appealed to the Michigan Tax Tribunal which affirmed the determination of the department. The railroad appeals, alleging that the department erred in holding that taxes paid by the railroad's shareholders pursuant to their election to be taxed under subchapter S of the Federal Internal Revenue Code should be included in the computation of the railroad's Michigan tax liability and that this interpretation of the Single Business Tax Act denies it its right to equal protection. *Held:*

1. The tribunal erred in upholding the determination of the department to include the railroad's shareholder's tax liability in the computation of its single business tax liability.

2. Consideration of the railroad's constitutional challenge is declined, the case having been disposed of on alternate grounds.

Reversed and remanded.

ALLEN, J., dissented. He would hold that the Legislature intended that, where a corporation would avoid Michigan tax liability under the Single Business Tax Act by electing status under subchapter S of the Federal Internal Revenue Code, the liability of its shareholders should be substituted for the corporate liability as reflective of the corporation's business activity for the period involved. As such, the interpretation of the act by the Tax Tribunal was in line with the intent of the Legislature. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation §§ 24, 264.
[2] 4 Am Jur 2d, Appeal and Error § 7.
  73 Am Jur 2d, Statutes §§ 145, 146.
[3-5] 33 Am Jur 2d, Federal Taxation (1981) ¶ 2025.
  71 Am Jur 2d, State and Local Taxation § 254 *et seq.*

Opinion of the Court

1. Taxation — Appeal — Michigan Tax Tribunal — Constitu-
   tional Law — Statutes.

   The Court of Appeals may review a decision of the Michigan Tax
   Tribunal regarding valuation of property or allocation of prop-
   erty tax only where fraud, error of law, or adoption of a wrong
   principle is alleged (Const 1963, art 6, § 28; MCL 205.753[1];
   MSA 7.650[53][1]).

2. Courts — Court of Appeals — Judicial Construction — Legis-
   lative Intent.

   The Court of Appeals, in construing a statute, must ascertain and
   give effect to the Legislature's intent.

3. Taxation — Corporations — Shareholders — Internal Reve-
   nue Code — Subchapter S — Single Business Tax — Stat-
   utes.

   A shareholder of a corporation electing subchapter S status under
   the Federal Internal Revenue Code who receives distributive
   income from the corporation but who is not engaged in busi-
   ness activity in the state as defined in the Single Business Tax
   Act is not a person liable for tax under the act (26 USC 1371 *et
   seq.;* MCL 208.3[2], 208.10[2]; MSA 7.558[3][2], 7.558[10][2]).

4. Taxation — Corporations — Shareholders — Internal Reve-
   nue Code — Subchapter S — Single Business Tax — Stat-
   utes.

   The tax liability of a shareholder of a corporation electing sub-
   chapter S status under the Federal Internal Revenue Code may
   not be included in assessing the corporation's single business
   tax liability (26 USC 1371 *et seq.;* MCL 208.57[3]; MSA
   7.558[57][3]).

Dissent by Allen, J.

5. Taxation — Corporations — Internal Revenue Code — Sub-
   chapter S — Single Business Tax — Shareholders — Stat-
   utes.

   *The Legislature intended by implication that, where a corpora-
   tion electing status under subchapter S of the Federal Internal
   Revenue Code would escape state tax liability under the Single
   Business Tax Act because of such election, shareholder liability
   should be substituted for corporate liability as reflective of the
   corporation's business activity, and the absence of statutory
   language specifically authorizing the substitution should not*

preclude the drawing of such an inference (26 USC 1371 et seq.;
MCL 208.57[3]; MSA 7.558[57][3]).

*Cross, Wrock, Miller & Vieson* (by *David N. Mills* and *William D. Belski),* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistants Attorney General, for respondent.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

M. J. KELLY, P.J. Petitioner, Port Huron & Detroit Railroad Company, appeals as of right a decision of the Michigan Tax Tribunal which found the petitioner liable for a single business tax deficiency of $17,073.51,[1] under MCL 208.57(3); MSA 7.558(57)(3).[2]

Prior to the hearing below, the parties stipulated that at all times pertinent the petitioner was a corporation electing subchapter S status under the Federal Internal Revenue Code. 26 USC 1371 *et seq.* The parties also agreed that the petitioner corporation is the "taxpayer" from which the single business tax may be collected. MCL 208.10(2); MSA 7.558(10)(2).

As a transportation company, the petitioner's state tax liability was to be calculated under the terms of MCL 208.57(3); MSA 7.558(57)(3) which provided:

"For any tax year ending on or before December 31, 1977, the tax base attributable to this state shall be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The total deficiency includes $14,056 for the 1976 tax year plus interest of $3,017.51 computed to September 1, 1978.

[2] Since amended by 1977 PA 273, effective December 15, 1977.

30% of the tax base otherwise computed under the provisions of subsection (1). In no event shall the tax so computed be less than an amount equal to the 5-year average tax liability measured as a percentage of gross receipts, determined by computing the percentage that the taxpayer's liability for the taxes levied under Act No. 85 of the Public Acts of 1921, as amended, being sections 450.304 to 450.310 of the Michigan Compiled Laws, Act No. 281 of the Public Acts of 1967, as amended, being sections 206.1 to 206.532 of the Michigan Compiled Laws, Act No. 301 of the Public Acts of 1939, as amended, being sections 205.131 to 205.147 of the Michigan Compiled Laws, and the tax levied on the inventory portion of personal property under Act No. 206 of the Public Acts of 1893, as amended, being sections 211.1 to 211.157 of the Michigan Compiled Laws, or Act No. 282 of the Public Acts of 1905, as amended, being sections 207.1 to 207.21 of the Michigan Compiled Laws, bears to the gross receipts of the taxpayer. The 5-year average tax liability under this subsection shall be computed and determined from the 1971 to 1975 tax years. This subsection shall expire December 13, 1977."[3]

Petitioner calculated and paid its 1976 single business tax based upon its position that the phrase contained in MCL 208.57(3); MSA 7.558(57)(3), "the taxpayer's liability for [Michigan income tax]" referred to the petitioner's Michigan income tax liability which for the period in question was zero.

The Michigan Department of Treasury, Revenue Division, conducted an audit of the petitioner for the 1976 tax year. As a result of this audit, the department determined that the petitioner should

[3] The taxes referred to in this section, upon which the single business tax is computed, are (1) franchise fees, MCL 450.304 et seq.; MSA 21.205 et seq., (2) the Michigan income tax, MCL 206.1 et seq.; MSA 7.557(101) et seq., (3) the intangibles tax, MCL 205.131 et seq.; MSA 7.556(1), and (4) the tax levied on the inventory portion of the general property tax, MCL 211.1 et seq.; MSA 7.1 et seq., or public utilities material and supplies tax, MCL 207.1 et seq.; MSA 7.251 et seq.

have included in the calculations of its alternative tax under the second part of MCL 208.57(3); MSA 7.558(57)(3) the Michigan income tax paid by petitioner's shareholders which was attributable to the distributive income that the shareholders received from the petitioner corporation. Applying these amounts to the tax computation formula of § 57(3) would leave the petitioner with a tax liability of $14,056. To the propriety of the order of the Tax Tribunal directing payment of this amount and additional interest charges, the petitioner raises two issues.

We begin by noting the applicable standard of review for decisions of the Michigan Tax Tribunal. By statute, the Legislature has limited the scope of our review to the circumstances specified in Const 1963, art 6, § 28; MCL 205.753(1); MSA 7.650(53)(10):

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

See also *Michigan National Bank, Lansing v City of Lansing,* 96 Mich App 551, 553; 293 NW2d 626 (1980).

The first issue raised by the petitioner concerns the department's interpretation of the tax computation provision of § 57(3). Specifically, petitioner challenges the department's holding that taxes paid by the petitioner's shareholders pursuant to their election to be taxed under subchapter S should be counted toward "the taxpayer's liability for the taxes levied under" the former Michigan Income Tax Act, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* as a basis for determining the

petitioner's single business tax liability. Because of its subchapter S status, the petitioner corporation had no income tax liability for the prior five-year period upon which the single business tax was to be determined. Thus, argues petitioner, since the corporation's average income tax liability was zero,[4] its single business tax liability should also be nothing. The department contends that the statutory phrase "the taxpayer's liability", as applied to Michigan income taxes paid from 1971 through 1975, includes those income taxes paid by the petitioner's shareholders upon distributive income generated by the petitioner's business activities. If such tax payments are included in the § 57(3) formula, the petitioner's single business tax liability is $14,056, exclusive of interest. From the above dispute, we must determine whether "the taxpayer's liability" is that of the corporation or its subchapter S shareholders.

The fundamental rule of statutory construction is that we must ascertain and give effect to the Legislature's intent. *City of Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959), *Arbor Sales, Inc v Dep't of Treasury,* 104 Mich App 181; 304 NW2d 522 (1981). See also *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 312; 273 NW2d 10 (1978), in which the Supreme Court found the presence of undefined terms of art in the former Income Tax Act "indicative of a legislative intent that the act be inter-

---

[4] The parties stipulated to the petitioner's liability under the remaining taxes listed in § 57(3):

"6. The Petitioner was liable for Franchise Fees for the period 1971 to 1975 and included the correct amount of such Franchise Fees in its calculation under Section 57(3) of said Act (MCL 208.57[3]).

"7. The Petitioner was not liable for any Intangibles Tax, and had no inventory subject to the General Property Tax, or Utility Material and Supplies Tax, and correctly did not include any such tax in its calculation of the alternative single business tax under Section 57(3) of said Act (MCL 208.57[3])."

preted in accordance with the experience and understanding of those who would be expected to use and interpret the act".

With respect to the Single Business Tax Act, the Legislature provided several definitional sections applicable to this case. Initially, under MCL 208.2; MSA 7.558(2), the act denotes the scope of terms specially defined in §§ 208.3 to 208.10 of the act, MCL 208.3-208.10; MSA 7.558(3)-7.558(10), and a reference for terms not specifically defined:

"(1) For the purposes of this act, the words and phrases defined in sections 3 to 10 shall have the meanings respectively ascribed to them in those sections.

"(2) A term used in this act and not defined differently shall have the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes in effect for the tax year unless a different meaning is clearly required. A reference in this act to the internal revenue code includes other provisions of the laws of the United States relating to federal income taxes."

Thereafter, in MCL 208.10(2); MSA 7.558(10)(2), the definition of "taxpayer" is provided:

" 'Taxpayer' means a person liable for a tax, interest or penalty under this act".

The "tax" referred to in this definition is that levied under MCL 208.31(1); MSA 7.558(31)(1) and is generally equal to 2.35% "upon the adjusted tax base of every person with business activity in this state which is allocated or apportioned to this state". Finally, "business activity" is defined in MCL 208.3(2); MSA 7.558(3)(2):

" 'Business activity' means a transfer of legal or

equitable title to or rental of property, whether real, personal, or mixed, tangible or intangible, or the performance of services, or a combination thereof, made or engaged in, or caused to be made or engaged in, within this state, whether in intrastate, interstate, or foreign commerce, with the object of gain, benefit, or advantage, whether direct or indirect, to the taxpayer or to others, but shall not include the services rendered by an employee to his employer, services as a director of a corporation, or a casual transaction. Although an activity of a taxpayer may be incidental to another or other of his business activities, each activity shall be considered to be business engaged in within the meaning of this act."

Although the petitioner's shareholders fit within the definition of "person" provided in MCL 208.6(1); MSA 7.558(6)(1),[5] it is apparent that they are not "person[s] liable for a tax" under the act, since the single business tax may be levied only against "persons with business activity in this state". As we interpret the permissible scope of business activity as defined above, the activities of petitioner's shareholders are not included.

We also note the reference to subchapter S corporations contained in the former Income Tax Act, MCL 206.81(2); MSA 7.557(181)(2), as bearing on the single business tax liability of the petitioner:

"A corporation which has filed a proper election under subchapter S of the internal revenue code shall not be subject to the tax imposed by this act with respect to the taxable years for which such election is in effect. Each participant shall include his proportion-

---

[5] " 'Person' means an individual, firm, bank, financial institution, limited partnership, copartnership, partnership, joint venture, association, corporation, receiver, estate, trust, or any other group or combination acting as a unit."

ate share of the taxable income whether or not distributed and whether or not distributable."

As written, a corporation electing subchapter S status was simply not liable for the corporate income tax formerly imposed under MCL 206.61; MSA 7.557(161).[6] Where the definition of taxpayer in the present act includes only the petitioner corporation and such corporation incurred no state income tax liability by electing under subchapter S, the Tax Tribunal erred by including the shareholder's tax liability in the computation of petitioner's single business tax assessment.

The petitioner also alleges that if § 57(3) of the Single Business Tax Act is interpreted to include shareholder tax liability, the act would deny to the petitioner its right to equal protection of the laws. US Const, Am XIV; Const 1963, art 1, § 2. We decline, however, to consider the petitioner's constitutional challenge.[7] It is well settled that appellate courts of this state will not review constitutional questions in cases fairly disposed of on alternative grounds. *Lisee v Secretary of State*, 388 Mich 32, 40-41; 199 NW2d 188 (1972), *In re Winkle*, 372 Mich 292; 125 NW2d 875 (1964), *app dismissed* 379 US 645; 85 S Ct 611; 13 L Ed 2d 551 (1965).

The opinion and order of the Michigan Tax Tribunal affirming the assessment of $17,073.51 in deficient taxes and interest is reversed and the

---

[6] "For receiving, earning or otherwise acquiring income from any sources whatsoever there is levied and imposed on every corporation except a financial institution a tax of 5.6% of the taxable income as defined in section 32 subject to the source and attribution rules contained in this act."

[7] See *Stockler v Dep't of Treasury*, 75 Mich App 640; 255 NW2d 718 (1977), *app dismissed* 435 US 963; 98 S Ct 1598; 56 L Ed 2d 54 (1978), in which a previous panel of this Court found against the plaintiff's equal protection challenge to the Single Business Tax Act.

case remanded for entry of an order dismissing said assessment against the petitioner.

Reversed and remanded.

C. L. HORN, J., concurred.

ALLEN, J. *(dissenting)*. Respectfully, I dissent. It is inconceivable that the Legislature intended a subchapter S corporation to escape *all* liability on the technicality that it is the shareholders, rather than the corporation, who are liable for the distributive income of the corporation. The obvious intent of the Legislature was that the minimum tax imposed under § 57(3) should reflect the corporation's business activities for the period of 1971 through 1975. Admittedly, there is no specific language in the Single Business Tax Act which specifically authorizes substitution of shareholder liability for corporate liability. But the absence of such language should not preclude inferring such a provision when the intent of the Legislature is so clear. The statutory construction urged by the taxpayer and approved by the majority opinion leads to no tax at all. The interpretation given § 57(3) by the Michigan Tax Tribunal reflects the corporation's business activity. That is what the Legislature intended. I would affirm.