PEOPLE v SCHOMAKER

Docket No. 54919. Submitted February 8, 1982, at Lansing.—Decided
May 21, 1982. Leave to appeal applied for.

Richard J. Schomaker was issued a traffic citation for speeding in
the City of Lansing. He filed a demand for a jury trial in
district court. The district court at first denied Schomaker's
demand for a jury trial on the basis that jury trials are not
allowed for civil infractions. Schomaker then filed a motion to
compel the granting of a jury trial on the ground that the civil
infraction act unconstitutionally deprived him of a jury trial.
Following a hearing on the matter, the district court held that
the civil infraction act was unconstitutional in that it deprived
an accused of the right to a jury trial. The court granted
Schomaker's demand for a jury trial. The people appealed to
the Ingham Circuit Court by leave granted and the court, Ray
C. Hotchkiss, J., reversed the order of the district court grant-
ing Schomaker's demand for a jury trial. Schomaker appeals by
leave granted the order of the circuit court. *Held:*

The denial of the right of a trial by jury under the civil
infraction act does not render the act unconstitutional. Civil
infraction proceedings are not comparable to any proceedings
in which the right of a trial by jury existed at the time of the
adoption of the constitutional guarantee of a right to a jury
trial. Therefore, the act may deny the right to a jury trial. The
circuit court's decision is affirmed and the case is remanded to
the district court for proceedings without a jury.

Affirmed and remanded.

1. COURTS — APPELLATE COURTS — CONSTITUTIONAL QUESTIONS.
Appellate courts will not review constitutional questions in cases
which can be fairly disposed of on alternate grounds.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 873.
[2] 47 Am Jur 2d, Jury § 88.
[3, 7] 7A Am Jur 2d, Automobiles and Highway Traffic § 392.
51 Am Jur 2d, Jury § 51.
[4] [No reference]
[5] 21 Am Jur 2d, Criminal Law § 1.
[6] 16A Am Jur 2d, Constitutional Law § 552.

2. Courts — District Courts — Jury Trials — Court Rules.

    Any party to an action in district court may demand a trial by jury of any issue so triable of right by filing a demand and paying the jury fee not later than ten days after filing of the answer; failure of a party to file a timely demand for a jury normally constitutes a waiver of the trial by jury right; however, even though a party fails to comply precisely with the procedures for demanding a trial by jury, it is within the sole discretion of the trial court to find the compliance adequate and to grant the request for a jury trial (Const 1963, art 1, § 14; DCR 508.2, 508.4).

3. Automobiles — Michigan Vehicle Code — Civil Infraction Act — Traffic Violations — Jury Trial.

    The civil infraction act was enacted to decriminalize certain routine traffic violations, which were thereafter to be deemed civil infractions; a person cited as being in violation of one of those sections of the vehicle code is provided with either an informal hearing before a referee or magistrate or ·a formal hearing before a judge; in either hearing, the right to a trial by jury is expressly denied (1978 PA 510; MCL 257.741 *et seq.;* MSA 9.2441 *et seq.).*

4. Automobiles — Michigan Vehicle Code — Civil Infractions — Fines — Imprisonment.

    The maximum penalty for a civil infraction under the Michigan Vehicle Code is a $100 fine plus costs from $5 to $100; no imprisonment is authorized, but possible imprisonment for civil contempt exists for a person who, after a hearing, refuses to pay a fine he is capable of paying (MCL 257.908; MSA 9.2608).

5. Words and Phrases — "Crime".

    A crime is an act or omission forbidden by law which is not designated as a civil infraction and which is punishable by, among other things, a fine not designated a civil fine.

6. Criminal Law — Deprivation of Liberty — Constitutional Safeguards.

    Any proceeding which could result in a deprivation of an individual's liberty is to be afforded constitutional safeguards.

7. Automobiles — Civil Infractions — Jury Trial.

    The denial of the right of a trial by jury under the civil infraction act does not render the act unconstitutional; civil infraction proceedings are not comparable to any proceedings in which the right of a trial by jury existed at the time of the adoption of the Michigan Constitution of 1963; therefore the act may deny

the right to a jury trial (Const 1963, art 1, § 14; 1978 PA 510; MCL 257.741 *et seq.;* MSA 9.2441 *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Geoffrey H. Seidlein* and *Susan K. Marshall,* Assistants Prosecuting Attorney, for the people.

*Philip A. Vilella,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant was issued a traffic citation for speeding in the City of Lansing, in violation of MCL 257.629b; MSA 9.2329(2). Defendant moved for a trial by jury, which was granted by the district court. On appeal, the circuit court reversed that decision and denied defendant a trial by jury. Defendant appeals to this Court by leave granted.

On appeal, defendant raises an issue of first impression in this state. Defendant alleges that the civil infraction act of the Michigan Vehicle Code violates Const 1963, art 1, § 14, by denying drivers charged with violating the speeding laws the right to a trial by jury.

Before reaching this issue, we must first decide whether defendant has waived his right to a trial by jury by filing a late demand. If the right has been waived, defendant may not have standing to challenge the constitutionality of the statutes denying trial by jury for speeding violations. Appellate courts will not review constitutional questions in cases which can be fairly disposed of on alternate grounds. *Port Huron & D R Co v Dep't of*

*Treasury,* 106 Mich App 413, 421; 308 NW2d 237 (1981).

DCR, 508.2 states:

"Any party may demand a trial by jury of any issue so triable of right by filing a demand and paying the jury fee not later than 10 days after filing of the answer."

Since the facts show that defendant filed a demand for a trial by jury over four months after answering the traffic citation, defendant did not comply with 508.2 by filing his demand within 10 days after filing his answer. DCR, 508.4 provides that failure of a party to file a timely demand for a jury constitutes a waiver of the trial by jury right. This waiver is expressly allowed in Const 1963, art 1, § 14.

Even though a party fails to comply precisely with the procedures for demanding a trial by jury, it is within the sole discretion of the trial court to find the compliance adequate and to grant the request for a jury. *People ex rel Mabley v Judge of Superior Court of Detroit,* 41 Mich 31, 34; 1 NW 985 (1879), *Jamison v Lloyd,* 51 Mich App 570, 573; 215 NW2d 763 (1974). Since the district court found that defendant's demand was sufficient to warrant him a trial by jury, and since the circuit court subsequently denied defendant a jury on statutory grounds, we find that the defendant has standing to attack the constitutionality of the statutes which ultimately denied him an opportunity for a trial by jury.

Prior to the enactment of the civil infraction act, 1978 PA 510, traffic violations were classified as misdemeanors. A violator could be punished by a fine of not more than $100, 90 days in jail, or both. MCL 257.628(d); MSA 9.2328(4), MCL 257.901(b);

MSA 9.2601(2). The original statutory scheme did not specifically provide for a trial by jury. However, in *People v Goodwin,* 69 Mich App 471; 245 NW2d 96 (1976), this Court held that there was a constitutionally guaranteed right to trial by jury in speeding cases. This Court noted that speeding violations were classified as misdemeanors and were punishable by either a jail sentence, a fine, or both. Since traffic violations were clearly a crime and since the constitution guaranteed the right to a jury in all criminal prosecutions, the right to trial by jury was granted to those who violated the speeding laws.

In 1978, the Legislature undertook a major revision of the Michigan Vehicle Code, by passing the civil infraction act, 1978 PA 510; MCL 257.741 *et seq.;* MSA 9.2441 *et seq.* The purpose of the act was to decriminalize certain routine traffic violations, which were thereafter to be deemed civil infractions. A person cited as being in violation of one of the enumerated code sections is provided with either an informal hearing before a referee or magistrate or a formal hearing before a judge. MCL 257.743(2)(c); MSA 9.2443(2)(c). In either hearing, however, the right to trial by jury is expressly denied. MCL 257.746(1); MSA 9.2446(1), MCL 257.747(4); MSA 9.2447(4). The maximum penalty for a civil infraction is a $100 fine plus costs from $5 to $100; no imprisonment is authorized. Possible imprisonment for civil contempt exists for a person who, after a hearing, refuses to pay a fine. However, the code makes it clear that such a person may be jailed only if he refuses to pay the fine, not if he is unable to pay it. MCL 257.908; MSA 9.2608.

Defendant argues that the act's denial of the right of trial by jury violates Const 1963, art 1,

§ 14, which guarantees that "the right of trial by jury shall remain * * *". Defendant contends that the proper interpretation of this phrase is that the right shall remain in all civil and criminal actions in which the right existed at the time of the adoption of the present constitution. Defendant cites in support of his proposition the case of *Conservation Dep't v Brown*, 335 Mich 343; 55 NW2d 859 (1952). In *Brown*, the Michigan Supreme Court reasoned that the then-current 1908 Constitution guaranteed the right of trial by jury in all cases where it had existed "prior to adoption of the constitution". *Id.*, 346-347.

To resolve defendant's argument, we must first answer the question of whether the right of trial by jury remains where that right existed at the time of the adoption of the present constitution or whether the right of trial by jury remains as it existed at the time of the adoption of the first constitution. Although this distinction may seem to be esoteric, its resolution dictates defendant's proofs. If the 1963 Constitution guarantees the right of trial by jury as that right existed in 1963, before this constitution was adopted, defendant need only show that a civil infraction hearing is in substance the same cause of action that was brought as a misdemeanor prosecution in 1963. If, however, the 1963 Constitution guaranteed the right of trial by jury only as it existed at the time of the adoption of Michigan's first constitution in 1835, defendant must show that the civil infraction proceedings are substantially the same as a cause of action enjoying the right of trial by jury before 1835.

Assuming the right of trial by jury is preserved for any cause of action in which it existed at the time of the adoption of the 1963 Constitution,

defendant argues that since traffic violators were guaranteed the right to a jury prior to 1963, they should be guaranteed that right currently, notwithstanding a change in the form of the proceeding from criminal to civil.

To be sure, the Legislature has changed the form of the proceeding from criminal to civil. The new act itself now designates a speeding offense as being civil in nature and has removed the misdemeanor classification. In addition, the definition of a "crime" in MCL 750.5; MSA 28.195 has been changed. While a crime used to be defined as an act or omission forbidden by law punishable, *inter alia,* by a fine, a crime is now defined as "an act or omission forbidden by law which is not designated as a civil infraction" and which is punishable by, among other things, a "fine not designated a civil fine".

We find, however, that there was more than just a change in the form of the proceeding from criminal to civil. The change of the status of speeding violations from criminal to civil established a new cause of action that is not the substantial equivalent of the previous criminal act. In *Goodwin, supra,* we extended the right of trial by jury to speeding prosecutions because of the possible resulting stigma of a misdemeanor record and the potential sentence of 90 days imprisonment or a criminal fine or both. It was the possibility of these criminal penalties and not the fact that the proceedings were *labelled* "criminal" instead of "civil" that concerned us. As the United States Supreme Court found in *In re Gault,* 387 US 1; 87 S Ct 1428; 18 L Ed 2d 527 (1967), when deciding whether the Fifth Amendment guarantee against compelled self-incrimination was applicable in juvenile proceedings labelled "civil", where the ulti-

mate result might be incarceration the label placed on the proceeding is of no constitutional significance. Thus, any proceeding which could result in a deprivation of an individual's liberty is to be afforded constitutional safeguards.

At present there is no possibility of imprisonment for a violation of the speeding laws; none of the criminal penalties exist. Although the civil infraction proceeding arises out of the same prohibited conduct, it is a new cause of action which is dissimilar to the previous proceedings brought for speeding violations. Therefore, if Const 1963, art 1, § 14 guarantees the right of trial by jury only as it existed in 1963, the provision does not extend the right to a jury to the new civil infraction proceedings for speeding.

Defendant argues that, if the jury trial guarantee is construed as preserving the right of trial by jury as it existed in 1835, the time the guarantee was originally adopted in Michigan's first constitution, the civil infraction act is the legal equivalent to the common-law action of assumpsit. Causes of action in assumpsit were guaranteed the right of trial by jury at common law. See *Feiertag v Feiertag*, 80 Mich 489, 490; 45 NW 188 (1890).

We are not persuaded that there is a similarity between the current civil infraction proceedings and the now abolished common-law actions in assumpsit. Assumpsit generally was based upon an express promise, nonperformance of a contract, or upon a promise implied by law. *Kristoffy v Iwanski*, 255 Mich 25, 28; 237 NW 33 (1931). When a defendant denies responsibility for a speeding citation, the state is not suing him on an implied promise to pay the civil fine. Rather, suit is brought to determine whether the defendant is responsible for a violation and, if so, a fine may or

may not be subsequently imposed. Thus, we find the right of trial by jury in common law assumpsit cases is not preserved in civil infraction cases because the two causes of action are not substantially similar.

We hold that the denial of the right of a trial by jury under the civil infraction act does not render the act unconstitutional. Civil infraction proceedings are not comparable to any proceedings in which the right of a trial by jury existed at the time of the adoption of Const 1963, art 1, § 14, and therefore the act may deny the right to a jury trial. The circuit court's decision is affirmed, and the case is remanded to the district court for proceedings without a jury.

Affirmed and remanded.