49 F.3d 1458
 Rodney E. ELLIOTT, Plaintiff-Appellant,
v.
CITY OF WHEAT RIDGE; Wheat Ridge Municipal Court named as
City of Wheat Ridge Municipal Court; Charles J. Rose,
Judge; Randall J. Davis, Judge; David Dawson, Patrolman;
Darin Schanker, City Attorney; Dan Wilde, Mayor; Vance
Edwards, Councilperson; Jean Fields, Councilperson; Ken
Siler, Councilperson; Tony Solano, Councilperson; Donald
R. Eafanti, Councilperson; Rae Jean Behm, Councilperson;
Dennis Hall, Councilperson; and Claudia Worth,
Councilperson, Defendants-Appellees.
 No. 94-1430.
 United States Court of Appeals,
Tenth Circuit.
 March 2, 1995.
Rehearing Denied April 7, 1995.
 
 Rodney E. Elliott, Arvada, CO, pro se.
 Christina M. Habas of Watson, Nathan & Bremer, P.C., Denver, CO, for defendants-appellees.
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The appellant, Mr. Elliott, was issued a speeding citation by the appellees. His requests for a jury trial and appointed counsel were denied, and he was found guilty of the violation in a hearing before a judge in the municipal court. Mr. Elliott filed suit against the City, the judges, the prosecutor assigned to his case, and various City officials alleging that his conviction violated his due process rights under the Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution and that the ordinance itself was unconstitutional. The defendants made motions to dismiss and for summary judgment, which the district court granted; Mr. Elliott appealed.
 
 
 2
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Even read in the light most favorable to Mr. Elliott, his allegations do not raise any genuine issues of material fact. The appellees are entitled to judgment as a matter of law.
 
 
 3
 In 1982, Colorado decriminalized its traffic code so that most minor traffic violations are now classified as civil offenses. The Colorado Supreme Court has upheld this scheme against a challenge to its constitutionality. People v. Lewis, 745 P.2d 668, 671 (Colo.1987). At least twelve other states have also decriminalized minor traffic violations. These statutory schemes have been uniformly held to be constitutional. See, e.g., State v. Anton, 463 A.2d 703 (Me.1983); Nettleton v. Doughtie, 373 So.2d 667 (Fla.1979); People v. Schomaker, 116 Mich.App. 507, 323 N.W.2d 461 (1982). Mr. Elliott was convicted under a City of Wheat Ridge traffic ordinance validly enacted pursuant to the Colorado statutory scheme.
 
 
 4
 Mr. Elliott contends that this ordinance is unconstitutional in that it does not provide him with a right of jury trial as guaranteed by the Sixth and Seventh Amendments. The Sixth Amendment right to a jury trial in criminal cases does apply to the states by incorporation through the Fourteenth Amendment. However, this right is limited to criminal cases. The Supreme Court has held that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury trial requirement ... applied to the states." Duncan v. Louisiana, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968). Offenses are generally considered petty if they involve a sentence of six months or less. See Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Thus, the primary limitation on declaring an act to be a civil infraction as opposed to a criminal one is in the possible punitive measures available. If an arrest and imprisonment is authorized, or a large fine, then despite a legislature's classification of an act as non-criminal, the rights afforded to a criminal defendant still apply. See Brown v. Multnomah County Dist. Court, 280 Or. 95, 570 P.2d 52 (1977) (Oregon legislature's attempt to decriminalize driving under the influence statute unsuccessful); see also State v. Bennion, 112 Idaho 32, 730 P.2d 952, 954-55 (1986). In the case of minor speeding violations that impose small fines as the only sanction, such as here, there can be no question that a state may classify such an infraction as civil; thus, there is no Sixth Amendment right to a jury trial. Compare Blanton v. City of North Las Vegas, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989).
 
 
 5
 Mr. Elliott's claim of the right to appointed counsel was also properly denied. This right attaches only in prosecutions where a defendant is actually sentenced to jail. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).
 
 
 6
 The Seventh Amendment right to a jury trial for civil cases does not apply in state proceedings. Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 (1890); see also Firelock, Inc. v. District Court, 776 P.2d 1090, 1096 (Colo.1989).
 
 
 7
 Mr. Elliott also makes a general Fifth and Fourteenth Amendment claim that he has been denied due process, but he has failed to identify any liberty or property interest of which the Appellees have deprived him. He has also attempted to state a RICO claim. As we cannot discern any plausible basis for these claims, we agree that the grant of summary judgment was appropriate.
 
 
 8
 Because we find that the district court properly granted summary judgment on all of Mr. Elliott's claims, we do not need to address the propriety of the grant of the Motion to Dismiss.
 
 
 9
 The Order of the District Court Granting the Motion for Summary Judgment is AFFIRMED.
 
 
 10
 ---------------
 
 
 
 * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.